# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PATRICK McDONALD, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No.: 2:13-CV-306-PRC |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Petition for Attorney Fees under the Equal Access to Justice Act [DE 32], filed by Plaintiff on January 20, 2015. The Commissioner filed a response on January 23, 2015. Plaintiff did not file a reply, and the time to do so has passed.

After a final decision by the Agency that he was not disabled, Plaintiff filed an appeal with this Court. Upon reviewing Plaintiff's opening brief, the Commissioner agreed that remand was warranted, and the parties signed a stipulation asking for remand pursuant to Sentence Four of 42 U.S.C. § 405(g). The Court accordingly reversed the Agency's decision and remanded this case for further consideration. That Order was issued on May 30, 2014. Plaintiff now asks for attorney fees and costs incurred in litigating this case.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security provided, among other things, that the request is timely. *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (citing 28 U.S.C. § 2412(d)(1)(A), (B); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990)). The deadline to file an EAJA request falls thirty days after the judgment becomes "not appealable." *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing 28 U.S.C. § 2412 (d)(1)(B), (d)(2)(G)). In civil cases where a federal officer is a party, the time for appeal does not end until sixty days after judgment

was entered. *Id.* (citing Fed. R. App. P. 4(a)(1), (7)). Thus, a plaintiff has a total of ninety days after the Court enters judgment to file an EAJA application.

Judgment in this case was entered on May 30, 2014, and the deadline to file a timely request was accordingly August 28, 2014. Plaintiff's January 20, 2015 motion is late. Plaintiff doesn't discuss timeliness or provide any reasons why his motion was filed nearly five months after the deadline. The Court sees no reason why the delay should be excused and accordingly **DENIES** the Petition for Attorney Fees under the Equal Access to Justice Act [DE 32].

SO ORDERED this 9th day of February, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record